No. 14,201.

STATE OF LOUISIANA VS. BAPTISTE COLLETTE AND MEYER COLLETTE.

SYLLABUS.

Where defendant in a criminal case asks for an instruction which would be correct only under an exceptional state of facts, he must preface the instruction by a predicate which would bring it under the operation of this state of facts.

APPEAL from the Twenty-ninth Judicial District, Parish of Plaquemines.—*Hingle, J.*

. *Walter Guion,* Attorney General, and *Albert Estopinal,* District Attorney (*Lewis Guion,* of Counsel), for Plaintiff, Appellee.

*A. E. & O. S. Livaudais,* for Defendants, Appellants.

The opinion of the court was delivered by

NICHOLLS, C. J. In the indictment against defendants it was charged that they, in the Parish of Plaquemines, "ten barrels of oysters of the value of ten dollars of the goods and chattels of Alfred Rodi, then there being found, unlawfully, wilfully and feloniously, did take, steal and carry away."

Accused moved to quash the indictment, averring that they were not bound to answer to the same; that, under the laws of this State, the matters in said indictment contained, were not sufficient in law to warrant an accusation of larceny; that, under the law, the ownership in the property charged to have been stolen should be absolute and perfect and not imperfect and dependent on conditions.

The motion was overruled and the case went to trial, resulting in the conviction of the accused.

The defendants moved for a new trial, which was refused, and defendants appealed. No bill of exception was taken to this ruling of the court and, in the absence of such a bill, under a well settled jurisprudence, it does not come before us for review.

We find in the transcript a bill of exceptions which had been prepared for the signature of the judge, but which, in fact, was not signed. Counsel declare that they were not aware of this fact until

their attention was called to it, when the case came on to be argued before this court, and that the failure of the judge to sign it was due to inadvertence.

The bill of exception, as prepared for signature, recites "that the accused requested the judge to instruct the jury that, under the laws of this State, oysters are not susceptible of ownership, unless bedded within poles or marks clearly identifying them as private property; that the judge refused to give this instruction, and defendants reserved a bill of exceptions."

Through the argument, made on the trial, we are informed that the oysters which defendants were charged with having stolen were claimed to have been taken from the waters in which they were imbedded, and that the point which they desired to press was that oysters situated thus were authorized to be taken by the public unless the place in which they were found had been staked off so as to disclose the fact that they were upon "leased bedding grounds."

There is no recital in the bill of the testimony which had been taken on the trial, nor of the state of facts under which defendants were claiming to be justified in asking the court to charge the jury as requested.

Had the bill of exceptions before us been signed, as tendered, defendants could have derived no benefit from it, as the judge could not have done otherwise than decline to give the instruction as it was presented. This is too plain for discussion. Persons asking judges to give instruction which, if correct at all, would be correct unly under exceptional circumstances and conditions, must preface the instructions by predicates which would make them, as given to the jury, contain correct propositions of law.

The motion to quash was properly overruled. Defendants do not claim that the indictment, as drawn, would not be a proper one charging larceny of oysters taken from an oyster establishment, for instance, in New Orleans. Their contention is that by reason of the place and the conditions in which these particular oysters were taken, they were not objects of private ownership, and their taking was not larceny.

Assuming this to be true, defendants' defense would have to be worked out by evidence, to be adduced on the trial, and by special charges applicable to the facts disclosed by the evidence and not by a motion to quash an indictment legally framed. The fact that the charge made therein might fail under evidence thereafter adduced,

does not affect the correctness of the indictment as found and returned.

We find no error in the judgments appealed from herein, and they are hereby affirmed.

Rehearing refused.